NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRIAN SAMPLE, *Appellant.*

No. 1 CA-CR 20-0408
FILED 5-20-2021

Appeal from the Superior Court in Navajo County
No.   S0900CR201900244
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Law Office of Christian C. Ackerley PLLC, Phoenix
By Christian C. Ackerley
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1 Brian Sample appeals his convictions and sentences for possession of dangerous drugs, possession of drug paraphernalia, and disorderly conduct. For the following reasons, we affirm.

## BACKGROUND

¶2 One morning in February 2019, around 6:15 a.m., Holbrook police received a report of a disturbance at S.T.'s house. S.T. worked at the police department, and she called Sgt. Ray Patterson as he was responding to the scene. From his end of the call, Patterson could hear what he believed to be banging on a door and windows, and the sound of a doorbell. S.T. explained the situation and gave updates, identifying the person causing the noise outside as Sample when he walked past a window.

¶3 Patterson arrived at S.T.'s home and arrested Sample for disorderly conduct. He conducted a search incident to arrest, finding that Sample had on his person a bag of methamphetamine and a smoking device with "burnt marijuana residue." Sample offered an explanation for his conduct, and S.T.'s stepsister, Marisel, arrived on the scene and corroborated Sample's "story."

¶4 The State charged Sample with possession of dangerous drugs (Count 1), possession of drug paraphernalia (Count 2), and disorderly conduct (Count 3). The day before trial, Sample moved to suppress the drug and paraphernalia evidence, asserting the police lacked probable cause to arrest him. At an evidentiary hearing the next morning, Patterson testified he had probable cause to arrest Sample both for disorderly conduct and an unrelated credit card fraud case. The court summarily denied Sample's motion.

¶5 At trial, Patterson was the State's primary witness. Sample did not testify, nor did the defense call any witnesses to testify. The jury found Sample guilty on all three counts and the superior court imposed concurrent eight-year and three-year prison sentences for Counts 1 and 2,

and six months in jail for Count 3, with credit for 314 days of presentence incarceration on each count.

## DISCUSSION

### A.  Motion to Suppress

**¶6**        Sample argues the superior court abused its discretion in denying his motion to suppress.  He contends Patterson lacked probable cause to arrest him, so the search incident to arrest was unlawful.  We review a ruling on a motion to suppress for an abuse of discretion, *State v. Snyder*, 240 Ariz. 551, 554, ¶ 8 (App. 2016), viewing the evidence from the suppression hearing in the light most favorable to affirming the court's ruling, *State v. Rojers*, 216 Ariz. 555, 559, ¶ 17 (App. 2007).

**¶7**        The Fourth Amendment provides a person with the right to be free from unreasonable searches and seizures.  U.S. Const. amend. IV.  A police officer may make a warrantless arrest if there is probable cause to believe that a crime, including a misdemeanor, has been committed and the person to be arrested committed the offense.  A.R.S. § 13-3883(A)(4).  If the arrest is lawful, the officer may search the arrestee's "person and area within his immediate control."  *Snyder*, 240 Ariz. at 556, ¶ 17 (quotation omitted).  Probable cause is defined as "when reasonably trustworthy information and circumstance would lead a person of reasonable caution to believe that a suspect has committed an offense."  *State v. Hoskins*, 199 Ariz. 127, 137–38, ¶ 30 (2000).

**¶8**        The superior court record is silent on whether the court denied the motion to suppress because it found probable cause based on disorderly conduct, the unrelated fraud case, or both.  We will affirm the court's ruling if it was correct for any reason.  *State v. Perez*, 141 Ariz. 459, 464 (1984).  On appeal, the State urges us to affirm only on the ground that probable cause existed to arrest Sample for disorderly conduct.  Because we agree with the State's position, we do not address probable cause relating to the fraud case.

**¶9**        As pertinent here, a person commits disorderly conduct "if, with intent to disturb the peace or quiet of a . . . person, or with knowledge of doing so, such person engages in . . . seriously disruptive behavior."  A.R.S. § 13-2904(A).  The evidence from the suppression hearing shows Patterson had probable cause to believe that Sample had engaged in "seriously disruptive behavior" that constitutes disorderly conduct.  Dispatch provided information to police officers that someone was banging on the doors and windows of S.T.'s home.  While en route to the scene,

Patterson received a call from S.T., and as she recounted what was happening, he could hear the banging on a door and windows along with a doorbell ringing in the background. When Sample walked past a window, S.T. identified him. Before he was arrested Sample told Patterson he was trying to alert S.T. due to a possible emergency, at Marisel's request. The superior court was aware of the claimed justification when it denied Sample's motion. On this record, the court did not abuse its discretion in denying the motion to suppress.

### B.      Objection on Cross-Examination

¶10        At trial, the following exchange occurred between defense counsel and Patterson:

> [Defense counsel:] Did Mr. Sample . . . ever explain why he was attempting to contact [S.T.]?
>
> [Prosecutor]: Objection, hearsay, Your Honor.
>
> [Defense counsel]: It goes to our defense that he was not committing disorderly conduct, Judge.
>
> The Court: I believe that would be self-serving hearsay, so that would be sustained.
>
> [Defense counsel:] Now, don't tell me what, but did Mr. Sample ever offer an explanation as to why he knocked on [S.T.]'s door?
>
> [Patterson:] Yes.
>
> [Defense counsel:] And don't tell me what, but do you recall what that explanation was?
>
> [Patterson:] Yes.
>
> [Defense counsel:] Did this third party [Marisel] the other party you indicated on scene you encountered, did she corroborate Mr. Sample's story? Don't tell me what she said, but did she corroborate what Mr. Sample said?
>
> [Patterson:] Yes.

¶11        Sample argues the superior court erred by sustaining the State's objection. He contends Patterson's testimony about Sample's

explanation for the incident at S.T.'s home should have been admitted under an exception to the hearsay rule, and the court precluded evidence that was necessary to presenting his defense in violation of the Sixth Amendment's Confrontation Clause. We review an evidentiary ruling for an abuse of discretion. *State v. Blakely*, 204 Ariz. 429, 437, ¶ 34 (2003). Because Sample failed to raise a violation of the Confrontation Clause below, we review only for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).

**¶12** Hearsay is generally inadmissible, absent an exception, Arizona Rule of Evidence ("Rule") 802, and Sample does not dispute that Patterson's testimony about Sample's justification for his conduct would have been hearsay and therefore presumptively inadmissible. Instead, he argues the testimony should have been allowed under Rule 807(a), the residual hearsay exception. Under that rule, a statement is not excluded if:

> (1) [T]he statement is supported by sufficient guarantees of trustworthiness—after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement; and

> (2) [I]t is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Ariz. R. Evid. 807(a).

**¶13** We find no abuse of discretion with the superior court's decision to sustain the State's hearsay objection because Sample did not satisfy the standards required by Rule 807. First, his statement lacks sufficient guarantees of trustworthiness. In considering whether the statement has "sufficient guarantees of trustworthiness," we consider the "spontaneity, consistency, knowledge, and motives of the declarant . . . to speak truthfully, among other things." *State v. Burns*, 237 Ariz. 1, 20, ¶ 69 (2015) (quotation omitted). Statements in response to police questioning, like here, are generally less trustworthy. *Id*. at 20, ¶ 70. Second, Sample could have obtained and introduced as or more probative evidence through Marisel, but she was not offered as a witness and Sample never explains why.

**¶14** We recognize that a vital part of the right to confront witnesses is the right of cross-examination. *State v. Fleming*, 117 Ariz. 122, 125 (1977). But "[t]he right to cross-examination must be kept within 'reasonable' bounds" and the trial judge "has discretion to curtail its scope."

*Id..* Deciding whether a judge has reasonably limited the scope of cross-examination involves a case-by-case determination of "whether the defendant has been denied the opportunity [to present] information which bears either on the issues in the case or on the credibility of the witnesses." *Id*.

**¶15** Here, the superior court's refusal to admit inadmissible hearsay was a reasonable limit on cross-examination, not a violation of Sample's right to confront witnesses. Though defense counsel could not ask Patterson to repeat Sample's statements at the scene, Patterson did confirm upon further questioning that Sample had given him a reason for his conduct and that his story was corroborated by Marisel. Sample was not precluded from presenting his defense. At a minimum, he still had a chance to call Marisel as a witness, and nothing in the record shows hardship in doing so. Thus, no violation of the Confrontation Clause occurred.

## CONCLUSION

**¶16** We affirm Sample's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:     AA